IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| THOMAS W. HARRISON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. _____ |
| | § | |
| FORMOSA PLASTICS | § | (JURY) |
| CORPORATION TEXAS, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Thomas W. Harrison ("Harrison") files this Original Complaint against Defendant Formosa Plastics Corporation Texas ("Formosa") as follows:

## NATURE OF THE DISPUTE

1. In violation of the protections afforded under the Age Discrimination in Employment Act (the "Act"), and while employed by Formosa, Harrison was subjected to discriminatory conduct based on age, a hostile work environment, and retaliation for opposing the unlawful discriminatory conduct to which he was subjected.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. Section 1331 (2009).

3. Harrison files this complaint in the district in which a substantial part of the events or omissions giving rise to the claims occurred. As such, venue is proper in this district pursuant to 28 U.S.C.A. Section 1391(b)(2)(2009).

PARTIES

4.　Harrison is a resident of Fannin, Goliad County, Texas, and was formerly employed by Formosa as a Process Operator.

5.　Formosa, a foreign corporation authorized to do and doing business in the State of Texas, can be served with service of process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

BACKGROUND FACTS

6.　Harrison began his employment with Formosa in December 1999 as a Process Operator at the age of fifty-one.

7.　During his employment, Harrison's co-workers repeatedly commented in a joking manner about his age. The majority of the other operators were considerably younger. By way of example only, the other operators called Harrison "old man" and asked him if he was "too old" to perform specific tasks or if he was "too old to do your job." Formosa employees also wrote an age disparaging comment on the hard hat Harrison was required to wear at all times while at work. Harrison tried to ignore the jokes and comments because he did not want to risk losing his job. Rather than report the discriminatory conduct to Formosa management, Harrison repeatedly asked his co-workers to stop the age disparaging and harassing comments.

8.　In February of 2007, Jim Crenshaw ("Crenshaw") became Harrison's direct supervisor. Harrison was the oldest employee on the shift supervised by Crenshaw.

-2-

9.   In June 2007, and pursuant to Formosa policy, Harrison specifically complained to Crenshaw about the age discrimination and hostile work environment to which he was being subjected by his co-workers.   At that time, Harrison specifically requested that Crenshaw talk to Harrison's co-workers about their discriminatory conduct and instruct his co-workers to stop harassing Harrison at work about his age.

10.   In response to Harrison's complaint, Crenshaw laughed and walked away from Harrison.   Shortly thereafter, Crenshaw also began to make jokes about Harrison's age in front of and to Harrison's co-workers.

11.   Finally, on or about August 15, 2007, Harrison again asked Crenshaw to "stop the harassment" and "ask the guys to cut out the comments."   Harrison also complained to Crenshaw that it was wrong for Crenshaw to make similar comments and jokes about Harrison's age to and with Harrison's co-workers.   Harrison informed Crenshaw if he did not take steps to curtail the discriminatory and hostile conduct, Harrison would report such conduct, including Crenshaw's behavior, to Formosa's human resource department.

12.   In response, Crenshaw informed Harrison that reporting the conduct to human resources "would not do any good" and that the human resources department "wouldn't do a damn thing about it."

13.   Less than two (2) weeks later, Harrison was accused of insubordination because he allegedly "had improperly refused his supervisor's work instruction and had left work without

-3-

permission." Harrison's employment was subsequently terminated.

14. Harrison timely complied with all requisite filings and exhausted all administrative remedies prior to filing this lawsuit.

<u>CAUSES OF ACTION</u>

<u>A. Violations of the Act</u>

<u>i. discrimination</u>

15. Formosa's conduct as described above is in violation of 29 U.S.C. Section 623 (2009) which states in pertinent part that it shall be unlawful for an employer:

> (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; or

> (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age.

16. As more particularly described above, Harrison was subjected to discrimination based on age and Formosa knew or should have known of the discrimination and failed to take remedial action.

17. As a result of the willful conduct described above, Harrison has suffered a loss of wages and lost benefits. Because Formosa acted with malice or reckless disregard of Harrison's federally protected rights, Harrison is entitled to the recovery of liquidated damages. Thus, Harrison is entitled to reinstatement (or, in the alternative, front pay), actual damages in the form of lost wages and benefits, compensatory damages, and liquidated

damages.

### ii. retaliation

18.    The Act also provides in pertinent part that it is unlawful for an employer to discriminate against an employee because such employee has opposed any practice made unlawful by the Act or because such employee has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under the Act.    29 U.S.C. 623(d) (2009).

19.    Based on the facts described above, Formosa's retaliatory conduct is also a violation the Act in that Harrison engaged in an activity protected by the Act and suffered an adverse employment action as a direct and proximate result.

20.    As a result of the willful conduct described above, Harrison has suffered a loss of wages and lost benefits.    Because Formosa acted with malice or reckless disregard of Harrison's federally protected rights, Harrison is entitled to the recovery of liquidated damages.    Thus, Harrison is entitled to reinstatement (or, in the alternative, front pay), actual damages in the form of lost wages and benefits, compensatory damages, and liquidated damages.

### iii. hostile work environment

21.    The factual allegations set forth above establish that Harrison was subjected to a hostile work environment as a result of conduct by both his co-workers' and his supervisor, Crenshaw. Specifically, the facts as alleged establish that: 1) Harrison belongs to a protected age group; 2) Harrison was subjected to

unwelcome harassment; 3) that the harassment complained of was based on age; and 4) the harassment complained of affected a term, condition or privilege of his employment and created an abusive working environment.

22. Because the conduct complained of was willful, malicious, and undertaken with reckless disregard for of Harrison's federally protected rights, Harrison is entitled to the recovery of liquidated damages. Thus, Harrison is entitled to reinstatement (or, in the alternative), front pay, actual damages in the form of lost wages and benefits, compensatory damages, and liquidated damages.

<u>ATTORNEYS' FEES</u>

23. Harrison has had to employ counsel for which he seeks reasonable attorneys' fees pursuant to the Act.

<u>JURY DEMAND</u>

24. Harrison hereby demands a trial by jury.

<u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Harrison prays that on final trial he be awarded judgment against Formosa Plastics Corporation Texas as follows:

a.    reinstatement;

b.    damages in the form of back pay (lost wages) and lost benefits as a result of his termination;

c.    damages in the form of front pay (lost wages) and lost benefits as a result of his termination;

d.    liquidated damages;

-6-

e.    compensatory damages;

f.    reasonable attorneys' fees and costs of Court;

g.    prejudgment and post-judgment interest on the amounts awarded above at the highest rate allowed by law; and

h.    such additional relief to which Harrison may show himself justly entitled.


Respectfully submitted,


Mark Siurek
TBA# 18447900
Fed ID# 9417
3334 Richmond Avenue, Suite 100
Houston, Texas   77098
713-522-0066 (telephone)
713-522-9977 (fax)
msiurek@warrensiurek.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:

WARREN & SIUREK, L.L.P.
Patricia Haylon
TBA# 09281925
Fed ID# 13941
3334 Richmond Avenue, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
thaylon@warrensiurek.com

Law Offices of Douglas B. Welmaker
Douglas B. Welmaker
TBA# 00788641
Fed. ID# 17038
3334 Richmond Avenue, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
dwelmaker@warrensiurek.com

-7-